**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAY DEE PFANNENSTIEL,

Defendant - Appellant,

and

WESTERN BANK, Gallup, New
Mexico; LORI HERRERA SILVA;
GOLDEN GROWTH ENTERPRISES
COMPANY; TREASURER of
MCKINLEY COUNTY, New Mexico;
TAX ASSESSOR of COUNTY of
McKINLEY, New Mexico,

Defendants.

No. 02-2006
(D.C. No. CIV-98-117-BB/DJS)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The United States commenced this action to reduce to judgment federal tax assessments against Jay Dee Pfannenstiel. It also sought to set aside as fraudulent Pfannenstiel's conveyance of certain real property located in New Mexico, to foreclose tax liens on that property, and to obtain a deficiency judgment for any deficiency remaining after the sale of the property. Appearing pro se, Pfannenstiel appeals the district court's ruling in favor of the United States.

The parties are familiar with the facts, so we need not repeat them here. On appeal, Pfannenstiel argues that the government's complaint lacked a critical allegation, namely, that the government issued Pfannenstiel a notice of deficiency. As a result, asserts Pfannenstiel, the district court lacked jurisdiction. He claims, as well, that the government's evidence, showing that it did in fact mail a notice of deficiency to Pfannenstiel, was inadmissible hearsay and should not have been admitted by the district court. The district court ruled that Pfannenstiel's jurisdictional challenge lacks any basis in law, and it similarly rejected Pfannenstiel's evidentiary objection. As to both rulings, we conclude that the district court was correct.

Pfannenstiel also raises an evidentiary challenge to certain documents admitted by the district court demonstrating the validity of the tax assessments leveled against him. We again conclude that in admitting the government-prepared "Certificates of Assessments and Payments," the district court did nothing improper. Nor do we believe that the district court's reliance on this evidence had the effect of erroneously shifting the burden of proof to Pfannenstiel. Lastly, we reject Pfannenstiel's assertion that the government's suit was untimely.

For reasons substantially the same as stated by the district court, we AFFIRM the judgment of the United States District Court for the District of New Mexico.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge